IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>ANGEL PLACIDO MANTA-SALAZAR,<br><br>　　Defendant. | CIVIL. NO. 20-00382-24 (RAM) |

## MEMORANDUM AND ORDER

On June 14, 2021, Defendant Angel Placido Manta-Salazar ("Defendant") filed *Defendant's Informative Motion and Request for Injunctive Relief to Maintain the Detention of Defendant at MDC, Guaynabo* ("*Informative Motion and Request*"). (Docket No. 353).[1] On June 21, 2021, Plaintiff United States of America ("the Government") filed *United States' Response to Defendant's Motion Requesting Injunctive Relief* whereby it stated that "subject to the capabilities and discretion of the [Federal Bureau of Prisons], the United States does not object to the requested injunctive relief." (Docket No. 372 at 1). Plaintiff's *Informative Motion and Request* at Docket No. 353 is hereby **granted in part** for the following reasons.

---

[1] Defendant's counsel clarified for the record that Defendant was indicted under an incorrect name due to a typographical error. (Docket No. 535 at ¶ 2). To wit, Defendant's counsel notes that Defendant's correct last name is "Mata-Salazar," which is identical to that of his brother Mr. Andrys Mata-Salazar's last name and who is also a defendant, defendant #6, in this matter. Id.

First, Defendant failed to comply with Local Rule 7(a) which requires that motions include both citations and supporting authorities as well as documents setting forth the facts on which the motion is based. *See* L. CV. R. 7(a). Instead, Defendant's motion does not even make a passing reference to Defendant's Sixth Amendment right to counsel, which is insufficient to merit the relief requested. (Docket No. 353 at 3). This because "[n]ot every restriction on counsel's time and opportunity to investigate or consult with his client or otherwise to prepare for trial violates a defendant's Sixth Amendment right to counsel." Morris v. Slappy, 461 U.S. 1, 11 (1983). Further, "[t]he Sixth Amendment right to counsel does not guarantee a 'meaningful relationship' between the defendant and his counsel," which Defendant's counsel seems to equate with in-person consultations so that Defendant can help counsel comprehend the voluminous discovery in the case at bar. Scott v. United States, 2013 WL 1149938, at *4 (D. Mass. 2013) (quoting Morris, 461 U.S. at 13-14).

Rather, an inmate may assert a violation to his Sixth Amendment right, without any showing of prejudice, when "counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding." United States v. Cronic, 466 U.S. 648, 659 (1984). That is not the case here, nor has Defendant averred as such. *See* Rouse v. Washington, 2021 WL 2434196, at *6 (E.D. Mich. 2021) (holding that plaintiffs failed

to allege a total deprivation of attorney communication sufficient to warrant a Sixth Amendment violation when, even though their in-person visits had been restricted due to the COVID-19 pandemic, other forms of communication with their attorneys such as mail, e-mail and telephone were available to them); *see also,* McMaster v. Pung, 984 F.2d 948, 953 (8th Cir. 1993) (holding that appellant inmate was not denied access to counsel because he could communicate with his attorney by telephone and through mail when he was banned from contact visits in light of his administrative segregation).

Second, federal detainee transfers to facilities outside this District are routine and necessary given the limited capacity of the Metropolitan Detention Center in Guaynabo ("MDC-Guaynabo").[2] "The transfer of an inmate to less amenable and more restrictive quarters for non-punitive reasons is not a right protected by the due process clause." United States v. Alvarez-Rodriguez, 2006 WL 3500982, at *3 (D. Nev. 2006) (citing Covino v. Vermont Department of Corrections, 933 F.2d 128, 129 (2d Cir. 1991)); *see also*, Johnson v. Esry, 210 F.3d 379 (8th Cir. 2000) (affirming dismissal of appellant inmate's Sixth Amendment claims because he "did not

---

[2] *See e.g.*, United States v. Martinez-Hernandez, 2015 WL 6133050, at *10 (D.P.R. 2015) (explaining that MDC-Guaynabo is a small detention facility "with a nationally known large criminal/social problem. For at least two years, […] USDOJ aircraft transfer prisoner back and forth from the mainland[.] […] [And][t]here is not ample space or resources to safely and securely house these moving Defendants at MDC–Guaynabo" while they await trial.)

show his temporary transfers to the Marion County Jail denied him effective assistance of counsel[.]"). Lastly, other District Courts have held similarly. For example, in Figueroa v. Kapelman, the United States District Court for Southern District of New York dismissed plaintiff's claim that his transfer from Bronx to Brooklyn infringed his Sixth Amendment right to counsel because it separated him from his attorney. *See* Figueroa v. Kapelman, 526 F. Supp. 681, 685 (S.D.N.Y. 1981). This given "[t]he fact that communication between plaintiff and his counsel might have been hampered thereby does not make out a deprivation of plaintiff's civil rights […] at least where the prisoner does not allege that he was prevented altogether from conferring with his counsel[.]" Id. (internal citations omitted).

Here, Defendant's motion does not show that if he is transferred outside this judicial district, he cannot confer with counsel through electronic means and thereby assist in the investigation and preparation of his defense. (Docket No. 353). Thus, denial of the pending motion is proper.

Considering that Defendant is a native of Venezuela, and that his brother, Andrys Mata-Salazar, is to remain at MDC-Guaynabo for the foreseeable future per Docket No. 316 where the Court granted his request to stay at MDC-Guaynabo due to health concerns, Defendant may remain in MDC-Guaynabo for a term of **forty-five (45) days** to facilitate communication efforts between himself and his

attorney to review the discovery in the case at bar. However, thereafter, he may be transferred outside of the jurisdiction as the needs of MDC-Guaynabo's operations require.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of July 2021.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge
