# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA** * | |
| Plaintiff * | |
| * | Case No.: 20-382-24 (RAM) |
| **v.** * | |
| * | |
| **ANGEL PLACIDO MANTA-SALAZAR [24],*** | |
| Defendant * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## SENTENCING MEMORANDUM ON BEHALF OF
## ANGEL PLACIDO MANTA-SALAZAR

Mr. Mata stands before this honorable Court, ready for sentence. The PSR gives him a Total Offense Level of 35 and a Criminal History Category I. This yields a Guideline Range 168 to 210 months. However, because he was only a member of the crew of one of the two fishing vessels involved in the instant offense (the FRANIA), we respectfully ask the Court to implement the terms of his binding plea agreement with the government and sentence him to the joint reccommendation of 36 months. As will be seeen, such a sentence is appropriate for this individual and is also in line with the other crew-members aboard the FRANIA. Finally, in this regard, such asentence fully comports with the mandate that the Court sentence Mr. Mata to a punishment that is "sufficinet, but no greater than necessary," pursuant to 18 USC 3553 (a).

Mr. Mata is a 32 years old Venezuelan citizen who was born in comparitive poverty in Venezuela. Almost everyone in the family works in the fishing industry, and mostly on fishing boats. It appears that he was raised primarily by his mother as his parents separated when he was still very young. He found this separation to be very traumatic, but was greatful once his parents reconciled, despite his father having had another family in the meantime.

Mr. Mata has been involved in a consensual relationship with his girlfriend for 6 years, who lives in Spain and works in a pizzeria. They have no children.

Mr. Mata completed high school but had to leave college to help support the family. He too became a fisherman.

Mr. Mata has an excellent record since being icarerated at MDC, Guaynabo. He has had no infractions or disciplinary issues.

According to the PSR, Mr. Mata's work has also been exemplary. He has been working in the commissary and received a "bonus justification." "His work has been excellent, he is a quick learner, always takes direction and does not hesiatting in completing the job." PSR ¶ 57. Also attached as Exhibit A for the Court's consideration in this regard is a copy of Mr. Mata's Work Performance Record dated March 6, 2023.

Mr. Mata is extremely remorseful and deeply regrets the errors that have led him to this point. He expressed as much during his interview with Probation. He stated that being imprisoned has been a horrific experience. He has never undergone a worse experience in his life. He is eager to go back home so he can work to provide for his family. Upon release from imprisonment, Mr. Mata plans to return to Venezuela and will attempt to secure employment. He expressed his desire eventually to move to Spain with his girlfriend and have a better life. PSR ¶¶ 24-25.

Accordingly, counsel believes that Mr. Mata has truly learned his lesson and will never seek to stray again from the law-abiding life he had previously led.

Mr. Mata has now spent the past 30 months in custody far from his family in Venezuela and without visits from them. He enjoys a close relationship with them and this enforced separation should also be considered as part of the 3553(a) factors at sentencing.

Morover, as a removable non-resident alien, Mr. Mata will certainly be deported. Therefore, he will have to endure an additional and unknown period of imprisonment once he is transferred to immigration custody, which will probably last several months.

Finally, we ask the Court to take account of the extarordinarily difficult conditions of confinement Mr. Mata has had to endure during the entire period of his incaeration. The Court will recall that the last 30 months has seen the entire world's attention consumed by the global COVID-19 pandemic. During much of this time, Mr. Mata has had to endure lockdowns and has been held incommunicado from family in Venzuela, loved ones and his attorney due to the protocols that have been put in place by BOP generally, and by the authorities at MDC, Guaynabo in particular. While we take no issue with the need for such measures as a general matter, this has had an undoubted impact on the conditions of confinement Mr. Mata has experienced.

For all these reasons, we therefore respectfully submit that a sentence of 36 months of imprisonment is sufficient but no greater than necessary, pursuant to 18 USC 3553 (a).

**RESPECTFULLY SUBMITTED,**

San Juan, Puerto Rico,
June 8, 2023

    I hereby certify that on this date a copy of this motion was electronically filed with the Clerk of the Court using the CM/ECF system which will send a copy of the same to the Government and all counsels of record.

<u>/s/ Howard Leader</u>
**HOWARD LEADER**
**USDC-PR # 308611**
534 West 112th Street
P.O. Box 250894
New York, NY 10025
Tel.: (646) 533-7696
Fax: (646) 590-9676
E-mail: howard.leader@gmail.com